UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                    CRIMINAL ACTION NO. 3:11-CR-00130-CRS
                                                      CIVIL ACTION NO. 3:14-CV-00547-CRS

DAYNELL RODRIGUEZ-PENTON                                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

Defendant Daynell Rodriguez-Penton filed a motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255. In his motion, Rodriguez-Penton raised issues regarding ineffective assistance of council as grounds for relief. The Court referred this to the Magistrate Judge who issued Findings of Fact, Conclusions of Law, and a recommendation that the Court deny Rodriguez-Penton's motion with prejudice and deny his certificate of appealability.

The Court has reviewed the recommendation of the Magistrate Judge and agrees with it in all respects. Rodriguez-Penton filed an objection which raises some of the same arguments as previously made before the Magistrate Judge. In order for Defendant to successfully show ineffective assistance of counsel, he must show both his counsel's performance was deficient, and that the deficiency prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Assuming Rodriguez-Penton could show his counsel's performance was deficient, Rodriguez-Penton must then show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial."

*Hodges v. Colson*, 727 F.3d 517, 537 (6th Cir. 2013) (discussing the prejudice standard in the context of a guilty plea) (citing *Hill v. Lockhart*, 474 U.S. 52, 52 (1985)).

Rodriguez-Penton does not dispute that he repeatedly said under oath that he would not have gone to trial. *See* Def.'s Obj. Magis.' R. & R. ¶ 2, ECF No. 119. Here, he maintains that if he knew of the deportation repercussions, he would have persisted in making a guilty plea, but would have sought a sentence reduction. *Id.* ¶ 4. Defendant also argues that knowledge of the deportation consequences would have given him a better negotiating position with the government. *Id.* ¶¶ 4, 6. This negotiating position, according to Defendant, would have allowed him to secure a more favorable plea deal. *Id.* These arguments do not relate to whether Rodriguez-Penton, if he knew the potential deportation consequences, would have insisted on going to trial. Instead, Defendant focuses on how he would use the information to enter into a more favorable plea deal. This Court agrees with the Magistrate Judge that Rodriguez-Penton has not shown prejudice necessary to successfully claim ineffective assistance of counsel.

The Court concludes that the Magistrate Judge is correct in his recommendation.

The Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Defendant Daynell Rodriguez-Penton's motion to vacate (DN 92) pursuant to 28 U.S.C. § 2255 is **DENIED** in this case and is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Defendant is **DENIED** a certificate of appealability on all grounds.

This is a final and appeable order.

November 20, 2015

Charles R. Simpson III, Senior Judge
United States District Court